IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

Civil No. 3:07-cv-03001

Darrel L. Burke, )
)
      Plaintiff, )
)
vs. ) **DEFENDANT'S MEMORANDUM IN**
) **SUPPORT OF MOTION TO DISMISS FOR**
) **LACK OF JURISDICTION OR IMPROPER**
Roughrider, Inc., doing business as ) **VENUE, OR IN THE ALTERNATIVE, FOR**
Roughrider Harley-Davidson ) **TRANSFER OF VENUE**
)
      Defendant. )
)
)

\*\*\*      \*\*\*      \*\*\*

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................... 1

II. ISSUES PRESENTED............................................................................................ 1

III. RELEVANT FACTS .............................................................................................. 1

IV. APPLICABLE LAW AND ARGUMENT ............................................................. 2

   1. The Contacts of Roughrider with South Dakota Do Not Establish Personal
      Jurisdiction............................................................................................................. 5

   2. This Case Should be Dismissed, or in the Alternative, Transferred to the
      United States District Court for the District of North Dakota,
      Southwestern Division. ......................................................................................... 9

V. CONCLUSION....................................................................................................... 9

CERTIFICATE OF SERVICE ....................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page**

**Eighth Circuit Court Cases**

Bell Paper Box, Inc. v. U.S. Kids, Inc., 53 F.3d 920 (8th Cir. 1995) ............................................ 7
Sondergard v. Miles, Inc., 985 F.2d 1389 (8th Cir. 1993) ............................................................ 3, 4

**Federal District Court Cases**

Hot Stuff Food Systems, Inc. v. Griffin Petroleum, Inc., 891 F. Supp. 499 (D.S.D. 1995) ... 4, 6, 8
Iverson v. Grant, 946 F. Supp. 1404 (D.S.D. 1996) ......................................................... 3, 4, 7, 8

**United States Code Statutes**

28 U.S.C. § 1332 .................................................................................................................... 3
28 U.S.C. § 1391 .................................................................................................................... 3
28 U.S.C. § 1391(a) ............................................................................................................... 3
28 U.S.C. § 1391(c) ............................................................................................................... 3, 9
28 U.S.C. § 1406(a) ............................................................................................................... 6, 9

**Other Sources**

Federal Rules of Civil Procedure, Rule 12(b) .............................................................................. 2
S.D.C.C. § 15-7-2(14) .................................................................................................................. 4

I.     INTRODUCTION

This case arises out of a motorcycle accident on June 11, 2005. Plaintiff alleges the accident was a result of negligent repairs made to his motorcycle by defendant Roughrider. Roughrider, Inc. is a North Dakota Business. It does not have a repair shop or retail location in South Dakota, is not registered with the South Dakota Secretary of State, does not have any employees in South Dakota, and does not advertise in South Dakota. The Complaint was served on January 9, 2007. Roughrider, Inc. has not answered the Complaint, but has filed a notice of appearance advising it intends to file a motion for dismissal based on lack of jurisdiction and improper venue. Roughrider, Inc. moves to dismiss the case for improper venue and lack of personal jurisdiction. In the alternative, Roughrider moves for the case to be transferred to the United States District Court of North Dakota, Southwestern Division—the appropriate venue in this case.

II.    ISSUES PRESENTED

    1.    Whether venue is proper the United States District Court, District of South Dakota.

    2.    Whether personal jurisdiction exists over defendant Roughrider, Inc.

III.   RELEVANT FACTS

For purposes of this motion only, the substantive allegations surrounding the accident can be taken as true. Of relevance to this motion are the following facts. Roughrider, Inc. is a corporation duly organized and existing under the laws of the state of North Dakota, with its principal place of business in Mandan, North Dakota. In May 2005, Burke delivered a motorcycle to Roughrider's store in Mandan for certain repairs. *Complaint* at ¶ 7. Burke picked

the motorcycle up from Roughrider's store in Mandan on June 9, 2005. *Complaint* at ¶ 8. On June 11, 2005, Burke was involved in a motorcycle accident, which he alleges was the result of negligence by Roughrider. *Complaint* at ¶¶ 11-14. Burke is a resident of South Dakota. *Complaint* at ¶ 1.

Roughrider is a Harley-Davidson franchise. *Affidavit of Marge Stork* at ¶ 2 (Jan. 24, 2007) (filed with this brief). Its principal place of business is in Mandan, North Dakota, where it has a repair shop and a retail sales store. Id. at ¶¶ 2-7. Roughrider does not have an office or any other business located within the state of South Dakota. Id. at ¶ 3. Roughrider does not advertise in South Dakota, does not sell new motorcycles in South Dakota, does not have any employees in South Dakota, and does not make repairs to motorcycles in South Dakota. Id. at ¶¶ 4-7. Roughrider does, on occasion, sell and make repairs to motorcycles to residents in South Dakota. However, similar to plaintiff's allegations, these customers are required to come to Roughrider's shop in Mandan, North Dakota to purchase or repair motorcycles. Roughrider does not do any business in South Dakota.

Because Roughrider does not do business in South Dakota, personal jurisdiction is lacking over Roughrider and venue of this matter is improper.

**IV.   APPLICABLE LAW AND ARGUMENT**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) <u>lack of jurisdiction over the person</u>, (3) <u>improper venue</u>, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.

(emphasis added).¹ Roughrider, Inc. moves to dismiss this case for lack of personal jurisdiction and improper venue.

Plaintiff alleges jurisdiction exists in this case based solely on 28 U.S.C. § 1332—diversity of citizenship. See *Complaint* at ¶ 4; 28 U.S.C. § 1332. No other basis exists for jurisdiction since the only allegation is negligence, a state law claim. Where jurisdiction is founded only on diversity of citizenship, venue may only be in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district which the action may otherwise be brought.

28 U.S.C. § 1391(a). For purposes of 28 U.S.C. § 1391, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Therefore, because Roughrider is a corporation, whether venue is proper depends upon whether personal jurisdiction exists over Roughrider.

"[T]he party seeking to invoke the jurisdiction of the federal court has the burden of establishing that personal jurisdiction exists." Iverson v. Grant, 946 F. Supp. 1404, 1414 (D.S.D. 1996). States exercise two broad types of personal jurisdiction: specific jurisdiction and general jurisdiction. Sondergard v. Miles, Inc., 985 F.2d 1389, 1392 (8th Cir. 1993). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." Id. In the present case, specific jurisdiction does not exist as plaintiff's allegations indicate all conduct by Roughrider, Inc. occurred in Mandan, North

---

¹ Roughrider, Inc. preserves all available defenses under Fed.R.Civ.P. Rules 8, 9, and 12, and all other defenses.

3

Dakota, and the repairs made did not occur in South Dakota nor do they have any connection to South Dakota.  See, e.g., Sondegard, at 1392 ("South Dakota would not exercise specific jurisdiction in this case, as none of the actions complained of occurred within or had any connection to South Dakota").

General jurisdiction "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Id.

> Since South Dakota applies its long-arm statute, S.D.C.C. § 15-7-2(14), to the fullest extent permissible under due process, this Court's inquiry will concern itself with whether exercise of personal jurisdiction comports with due process.  It is well established that due process requires both minimum contacts with the forum state and accord with the notions of fair play and substantial justice.  The constitutional touchstone remains whether the defendant purposefully established minimum contacts in the forum State.
>
> In evaluating whether or not jurisdiction is proper, the Court must consider the following five factors:
>
>> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.  The most important factors are those which analyze forum contacts.
>
> <u>For this Court to maintain personal jurisdiction, [Roughrider's] contacts with South Dakota must be more than random, fortuitous, or attenuated.  [Roughrider] must have purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.</u>

Iverson at 1414 (internal citations and quotations omitted) (emphasis added); see also Hot Stuff Food Systems, Inc. v. Griffin Petroleum, Inc., 891 F. Supp. 499, 503 (D.S.D. 1995).  "The latter two issues are secondary and of less importance than the first three factors.  Because the first three factors are closely interrelated, the Court may consider them together." Hot Stuff Food Systems, Inc., 891 F. Supp. at 503.

4

In this case, plaintiff has not alleged sufficient facts establishing personal jurisdiction over Roughrider, Inc. and, regardless, Roughrider, Inc. is not subject to personal jurisdiction in South Dakota. Therefore, venue in the United States District Court of South Dakota is improper because there is no personal jurisdiction, and this action should be dismissed. In the alternative, this case should be transferred to the United States District Court for the District of North Dakota, Southwestern Division—the proper venue.

1. <u>The Contacts of Roughrider with South Dakota Do Not Establish Personal Jurisdiction.</u>

In the *Complaint*, plaintiff alleges the following facts relating to jurisdiction and venue with regard to Roughrider, Inc.: Roughrider is organized under the laws of North Dakota and its principal place of business is in Mandan, North Dakota (*Complaint* at ¶ 2); Roughrider agreed to and did perform repairs to plaintiff's motorcycle with the knowledge plaintiff was a resident of South Dakota (*Complaint* at ¶ 3); and Roughrider routinely sells motorcycle parts to and repairs motorcycles for residents of South Dakota (*Complaint* at ¶ 3). The factual allegations of this case are: Roughrider owns and operates a business in Mandan, North Dakota; in May 2005, <u>plaintiff brought his motorcycle to Roughrider's store in Mandan</u> where certain repairs were made (*Complaint* at ¶ 7); and plaintiff picked the motorcycle up from Roughrider's store in Mandan following the repairs (*Complaint* at ¶ 8). Plaintiff alleges Roughrider was negligent in performing the repair work between May and June 2005 while the motorcycle was at Roughrider's store in Mandan, i.e. plaintiff alleges the negligent repairs occurred in Mandan, North Dakota. *Complaint* at ¶¶ 11-13.

As can be seen, plaintiff's *Complaint* alleges plaintiff <u>brought</u> his motorcycle to Mandan, North Dakota. Certain repairs were made to the motorcycle <u>in</u> Mandan, North Dakota. When

5

the repairs were completed, the plaintiff traveled <u>to Mandan</u> to pick up the motorcycle. Plaintiff alleges these repairs were negligent. Following the repairs, plaintiff was involved in an accident. The only connection of this case to South Dakota is plaintiff lives there and the accident occurred there. Under these circumstances, personal jurisdiction is lacking, venue is improper, and this case should be dismissed or transferred. <u>See</u> 28 U.S.C. § 1406(a) (where a case is brought in the wrong venue, court may dismiss or transfer). Under plaintiff's theory, any defendant which is in the business of selling or repairing vehicles (whether it be motorcycles, cars, airplanes, boats, etc.) could be sued in any jurisdiction where those vehicles are operated. This position does not comport with the applicable law.

      The first three factors to consider in evaluating whether jurisdiction is proper are the nature of the contacts with the forum state; the quantity of the contacts with the forum state, and the relation of the cause of action to the contacts. The first three factors are more important than the remaining factors, and because they are interrelated, should be considered together. <u>Hot Stuff</u>, 891 F. Supp at 503. In this case, all of these factors indicate no personal jurisdiction exists over Roughrider, Inc. First, the nature of the contacts with the forum state by Roughrider in this case are non-existent. Plaintiff brought his motorcycle to Mandan, the repairs were made in Mandan, and plaintiff came to Mandan to pick up his motorcycle. Mandan performed the repairs at its shop in Mandan at plaintiff's request. The only fact linking this case to South Dakota is that plaintiff is a resident of South Dakota. However, Roughrider does not purposely avail itself to jurisdiction in South Dakota by providing a service to a customer from South Dakota when that customer affirmatively seeks out Roughrider and all alleged negligence occurred in North Dakota. The repairs were made due to affirmative actions of the plaintiff, not Roughrider.

Roughrider does not advertise in South Dakota, does not have a repair shop in South Dakota, and has no employees in South Dakota. Roughrider does not sell motorcycles in South Dakota. Therefore, there is a complete lack of any contacts between Roughrider and South Dakota, and also a complete lack of "quantity" of contacts between Roughrider and South Dakota.

There is also a complete lack of any relation between contacts of Roughrider with South Dakota and the accident at issue. All alleged negligence occurred in Mandan, North Dakota, due to affirmative actions of the plaintiff in contacting Roughrider. Roughrider did not seek out plaintiff. Rather, Roughrider provided services to the plaintiff in North Dakota at the plaintiff's request. There is a complete lack of any contacts with South Dakota by Roughrider in this case, and no affirmative acts by Roughrider indicating it "purposefully availed" itself to jurisdiction in South Dakota. See Iverson, at 1415 ("merely entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and the forum state") (quoting Bell Paper Box, Inc. v. U.S. Kids, Inc., 53 F.3d 920, 922 (8th Cir. 1995) (alteration in original). At most, Roughrider's contacts with South Dakota can be described as random, fortuitous, and/or attenuated, which is insufficient to establish personal jurisdiction over Roughrider in South Dakota. Id. at 1414 (contacts must be "more than 'random,' 'fortuitous,' or 'attenuated'" to establish personal jurisdiction).

The remaining factors are of less importance, and regardless, do not favor asserting jurisdiction over Roughrider in this case. The fourth factor to consider is the interest of the forum state in providing a forum for its residents. While South Dakota may have an interest in providing a forum for its residents, this factor is insignificant considering plaintiff sought out the services of Roughrider in North Dakota and all actions between the two occurred in North

7

Dakota.  Plaintiff's actions essentially trump South Dakota's interest in providing a forum for him.  Further, even if this factor could be considered to favor the plaintiff, the contacts of Roughrider with South Dakota are non-existent or so minimal that applying the fourth factor in favor of plaintiff is inconsequential.  See Iverson, at 1414 (the most important factors are those addressing contacts of the defendant with the jurisdiction); Hot Stuff, at 503 (the latter two factors are less important).  The fifth factor, the convenience of the parties, is likely equal in the sense that it is more convenient for plaintiff to attempt to try the case in South Dakota.  It is also more convenient for Roughrider to try the case in North Dakota.  Considering the defendant's contacts are of primary importance, and evaluation of these factors conclusively indicates Roughrider is not subject to personal jurisdiction in South Dakota, the fourth and fifth factors are insignificant at best.

"The inquiry is whether the defendant has directed his activities at residents of the forum and the litigation arises out of those activities." Hot Stuff Food Systems, 891 F. Supp. at 503. Roughrider did not direct any activities at residents of South Dakota.  Rather, plaintiff affirmatively sought the services of Roughrider in North Dakota.  Jurisdiction over Roughrider is dependent upon Roughrider "purposely availing" itself to the protection of the laws of South Dakota.  Roughrider did not "purposefully avail" itself to jurisdiction in South Dakota because all actions of Roughrider occurred within North Dakota.  Roughrider has no employees in South Dakota, does not advertise in South Dakota, does not make repairs in South Dakota, did not work on plaintiff's motorcycle in South Dakota, and did not deliver plaintiff's motorcycle to South Dakota.  It does not comport with fair play and substantial justice to hail Roughrider into a foreign jurisdiction when it took no affirmative act to purposefully avail itself to jurisdiction in

8

South Dakota. To the contrary, plaintiff sought out Roughrider in North Dakota and should be required to bring this suit in North Dakota, the proper jurisdiction and venue for this matter.

    2.    <u>This Case Should be Dismissed, or in the Alternative, Transferred to the United States District Court for the District of North Dakota, Southwestern Division.</u>

Pursuant to 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because personal jurisdiction is lacking over Roughrider, venue is improper in this case. <u>See</u> 28 U.S.C. § 1391(c) (for purposes of venue, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction). Defendant Roughrider requests the Court to dismiss this case, or in the alternative, to transfer to the United States District Court for the District of North Dakota, Southwestern Division.

## V.   CONCLUSION

For the foregoing reasons, Roughrider requests this matter be dismissed or transferred to the Southwestern Division of the United States District Court for the District of North Dakota.

Dated this 26th day of January, 2007.

                                SMITH BAKKE PORSBORG SCHWEIGERT

                                By   <u>s/Scott K. Porsborg</u>
                                       Scott K. Porsborg (SD State ID No. 1386)
                                       116 North Second Street
                                       P.O. Box 460
                                       Bismarck, ND 58502-0460
                                       (701) 258-0630

                                       Attorneys for Defendant
                                       Roughrider, Inc., doing business as
                                       Roughrider Harley Davidson

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2007, a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION OR IMPROPER VENUE, OR IN THE ALTERNATIVE, FOR TRANSFER OF VENUE** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

ATTORNEYS FOR PLAINTIFF, DARREL L. BURKE:

>John W. Burke
>Thomas Nooney Braun Solay & Bernard, LLP
>P.O. Box 8108
>Rapid City, SD 57709-8108
>jwburke@mtnlaw.com

>By: *s/ Scott K. Porsborg*
>SCOTT K. PORSBORG

Brief-Jx