

**FILED**

AUG 2 9 2007

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DARREL L. BURKE, | * | CIV 07-3001 |
| | * | **2007 D.S.D. 20** |
| Plaintiff, | * | |
| | * | OPINION AND ORDER ON |
| -vs- | * | DEFENDANTS' MOTION TO |
| | * | DISMISS |
| ROUGHRIDER, INC., doing business as | * | |
| ROUGHRIDER HARLEY-DAVIDSON, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**KORNMANN, U.S. DISTRICT JUDGE**

### INTRODUCTION

[¶1]   Plaintiff, Darrell Burke ("Burke"), filed this diversity action against defendant, Roughrider, Inc. ("Roughrider"), alleging injuries arising out of negligent repair work performed on his motorcycle by Roughrider. Defendant has filed a motion to dismiss (Doc. 7) for lack of jurisdiction or improper venue, or in the alternative, for transfer of venue.

### FACTUAL BACKGROUND

[¶2]   Roughrider is a North Dakota corporation which has its principal place of business in Mandan, North Dakota. As a registered Harley-Davidson dealer, it is engaged in the business of selling new and used motorcycles, selling motorcycle parts, selling clothing and accessories, and servicing and repairing motorcycles. Roughrider is not registered with the South Dakota Secretary of State as a foreign corporation and it does not have any physical presence or employees in South Dakota. However, Roughrider does occasionally sell merchandise or services to South Dakota residents out of its Mandan store and it is a member of the Spearfish (South Dakota) Chamber of Commerce.

[¶3]   Burke is a resident of South Dakota. On May 17, 2005, Burke brought his motorcycle to Roughrider's store in Mandan for repairs. After being advised the repair work was completed, Burke picked up his motorcycle from the Roughrider store on June 9, 2005. Two days later, on

June 11, 2005, Burke was involved in a motorcycle accident in South Dakota, which he alleges was the result of negligence by Roughrider.

## DISCUSSION

[¶4]    "The party asserting personal jurisdiction has the burden of establishing a prima facie case, and the burden does not shift to the party challenging jurisdiction." Epps v. Stewart Info. Serv. Corp., 327 F.3d 642, 647 (8th Cir. 2003) (*citing* Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992), and Newhard, Cook & Co. v. Inspired Life Centers, Inc., 895 F.2d 1226, 1228 (8th Cir. 1990)). A plaintiff may establish the prima facie case through the pleadings, affidavits, exhibits, or other evidence. *Id.* Further, although the plaintiff bears the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence. *Id.*

[¶5]    "A federal court in a diversity suit may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004); Denver Truck and Trailer Sales, Inc. v. Design and Bldg. Servs., Inc., 2002 SD 127, ¶ 9, 653 N.W.2d 88, 91. Because South Dakota's long-arm statute is coextensive with constitutional limits, this court need only determine whether the assertion of jurisdiction over this defendant offends due process. Minnesota Mining & Mfg. v. Nippon Carbide Indus., 63 F.3d 694, 696-97 (8th Cir. 1995); Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994). *See also* SDCL 15-7-2.

[¶6]    "The principles of personal jurisdiction under the Due Process Clause are well established." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003). Personal jurisdiction exists only if the defendant has sufficient 'minimum contacts' with the forum state which are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice. *Id.* (*citing* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940); and Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996)). These "minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a

reasonable period of time immediately prior to the filing of the lawsuit." Pecoraro, 340 F.3d at 562 (citing Clune v. Alimak AB, 233 F.3d 538, 544 fn. 8 (8th Cir. 2000)).

[¶7]     In Helicopteros Nacionales de Colombia, S.A. v. Hall, the Supreme Court articulated two theories for evaluating minimum contacts: specific jurisdiction and general jurisdiction. See 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific jurisdiction can only be found if the controversy is "related to or 'arises out of' " the defendant's contacts with the forum state. Id. at 414, 104 S.Ct. 1868. General jurisdiction exists where the contacts between the defendant and the forum state are "continuous and systematic" even if there is no relationship between the contacts and the cause of action. Id. at 415, 104 S.Ct. 1868.

[¶8]     Both theories of personal jurisdiction require "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Burger King, 471 U.S. at 475, 105 S.Ct. 2174. If a court determines that a defendant has minimum contacts with the forum state, it may then consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (quoting International Shoe, 326 U.S. at 320).

[¶9]     South Dakota has summarized these principles into a three step test to determine whether minimum contacts exist and due process is satisfied. Frankenfeld v. Crompton Corp., 2005 SD 55, ¶ 17, 697 N.W.2d 378, 384 (citing Rothluebbers v. Obee, 2003 SD 95, ¶ 26, 668 N.W.2d 313, 322). According to this test: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state, thus invoking the benefits and protections of its laws; (2) the cause of action must arise from defendant's activities directed at the forum state; and (3) the acts of defendant must have substantial connection with the forum state to make the exercise of jurisdiction over defendant a reasonable one. Id.

[¶10]   To determine whether a substantial connection exists, the court looks at the following: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to those contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

3

Pecoraro, 340 F.3d at 562. The court gives "significant weight . . . to the first three factors", while the last two factors carry less weight and are not dispositive. *Id.*

[¶11]   Considering all of these factors in conjunction with South Dakota's long-arm statute, I find that the plaintiff has not made the requisite prima facie showing of minimum contacts between South Dakota and Roughrider. To begin with, the only relevant contacts related to or giving rise to the controversy in this case were the contacts which occurred between the plaintiff and defendant themselves. *Cf* Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006). All of these contacts took place in North Dakota, not South Dakota. These contacts were the purchase of and the repair of the plaintiff's motorcycle at the defendant's place of business in Mandan, North Dakota. The alleged negligent acts by the defendant occurred in North Dakota, not in South Dakota. Moreover, the catalyst for these transactions was the plaintiff , not the defendant. But note, "[i]t is [ordinarily] not significant that one or the other party initiated the relationship." Daktronics, Inc. v. LBW Tech Co., Inc., --- N.W.2d ----, 2007 WL 2206944 (S.D. 2007) (*citing* Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 151 (3rd Cir. 2001)). *See also* Logan Prods., Inc. v. Optibase, Inc., 103 F.3d 49, 53 (7th Cir. 1996) ("the constitutionality of jurisdiction does not turn on which party 'started it.' Rather, pinning down which party initiated the transaction is merely one helpful factor in the jurisdictional equation") (*citing* Madison Consulting Group v. South Carolina, 752 F.2d 1193, 1202 (7th Cir. 1985)).

[¶12]   Instead, what is significant is that there does not appear to be any intention by the parties in this case "to establish a common venture extending over a substantial period of time. . ." *Id.* There was no continuing obligation between the parties. Neither Burke or Roughrider ever obligated themselves to continue a business relationship. Further, it was Burke's unilateral acts that brought the product into the forum, not Roughrider's limited promotion, advertising, or sales activities. Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 109, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987) (minimum contacts must be based on an act of the defendant; a consumer's unilateral act of bringing the defendant's product into the forum State is not a sufficient constitutional basis for personal jurisdiction over a defendant). There were no deliberate acts by Roughrider to engage in significant activities in South Dakota. Daktronics, 2007 WL 2206944 at 3 (*citing* Burger King, 105 S.Ct. At 2184). Accordingly, the contacts related to Burke's

4

negligence claim resulted from isolated business transactions occurring in North Dakota, and these limited business transactions are not enough to support personal jurisdiction in the District of South Dakota.

[¶13]   Burke's claims of specific and general jurisdiction also rely heavily upon the fact that Roughrider solicited business in South Dakota.  These solicitations consisted of: (1) limited sales to customers living in South Dakota; (2) Roughrider's listing on the Harley Davidson's website as a dealer for South Dakota; (3) testimonials from South Dakota customers on the Roughrider's website; and (4) Roughrider's membership in the Spearfish Chamber of Commerce.  These solicitations are not sufficient contacts to satisfy the due process requirements for personal jurisdiction.  For one, mere solicitation within a state does not alone render the foreign corporation vendor amenable to suit within the state.  Green v. Chicago, Burlington & Quincy Ry. Co., 205 U.S. 530, 533-534, 27 S.Ct. 595, 51 L.Ed. 916; 751 (1907); Long v. Victor Products Corp., 297 F.2d 577, 581 (8th Cir. 1961); Young v. Hicks, 250 F.2d 80, 84 (8th Cir. 1957).  See also Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002) (contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause).  Further, while Burke is correct that a defendant's web site may serve as a basis for a finding of purposeful availment in some cases, this is not such a case.

[¶14]   In Zippo Manufacturing Co. v. Zippo Dot Com, Inc. the court addressed the issue of whether a Web site could provide sufficient contacts for specific personal jurisdiction.  952 F.Supp. 1119 (W.D.Pa. 1997).  The Zippo court held that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that an entity conducts over the Internet."  952 F.Supp. at 1124.  In order to measure the nature and quality of the commercial activity, the court created a "sliding scale" to measure the likelihood of personal jurisdiction.  Id.  The court noted:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet.  If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.  At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign

5

> jurisdictions. A passive Web site that does little more than make
> information available to those who are interested in it is not
> grounds for the exercise [of] personal jurisdiction. The middle
> ground is occupied by interactive Web sites where a user can
> exchange information with the host computer. In these cases, the
> exercise of jurisdiction is determined by examining the level of
> interactivity and commercial nature of the exchange of information
> that occurs on the Web site. *Id.*

[¶15]   In Lakin v. Prudential Securities, Inc., the Eighth Circuit agreed with sister circuits that

the Zippo model is an appropriate approach in cases of specific jurisdiction. 348 F.3d 704

(8th Cir. 2003). Applying the Zippo test to this case, the nature and the quality of the

commercial activity that Roughrider conducts over the internet is minuscule. Roughrider's

website is at the bottom of the scale, since it is essentially a brochure or a passive website.

Accordingly, this limited solicitation by Roughrider is insufficient to support a finding of

personal jurisdiction.

[¶16]   In sum, having found that this court lacks jurisdiction, the court does not reach the venue

issue. Consequently, the defendant's motion should be granted and the plaintiff's cause should

be dismissed.

### ORDER

[¶17]   Based upon the foregoing,

[¶18]   IT IS ORDERED that the motion to dismiss (Doc. 7) is granted. Plaintiff's complaint is

dismissed without prejudice and without the taxation of costs.

[¶19]   Dated this 29th day of August, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY

(SEAL)

6